IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DESMOND HOSTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-1342 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Desmond Hoston, a federal prisoner housed at the United States Penitentiary in Atlanta, Georgia, has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1.) The United States has responded to the motion (Doc. No. 4), and the movant has filed a reply to the government's response. (Doc. No. 7.) The movant has further filed a motion for an evidentiary hearing (Doc. No. 9), to which no response has been filed.

The court finds that no evidentiary hearing is necessary here, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)).

For the reasons given below, the court finds that the § 2255 motion is without merit. Both the § 2255 motion and the motion for evidentiary hearing will be denied.

**I.  Procedural History**

On January 27, 2016, the movant was charged in a two-count superseding indictment with: (1) knowingly and intentionally distributing and possessing with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within 1,000 feet of both Meigs Academic Magnet School and Parkway Terrace, a public housing facility,

in violation of 21 U.S.C. §§ 841(a)(1) and 860; and (2) being a convicted felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. No. 4-2.) On June 20, 2016, the movant filed a petition to enter a plea of guilty to both counts of the superseding indictment, without an accompanying plea agreement with the government. (Doc. No. 4-3.) This petition set forth the maximum penalties for the offenses to which the movant was pleading guilty. (*Id.* at 1–2.) The court accepted and entered the movant's guilty plea in open court on June 20, 2016. (*Id.* at 6.)

At the plea hearing, the court asked the movant whether he thought the government could prove to a jury that he "knowingly and intentionally possessed fentanyl with the intent to distribute it and that this occurred within a thousand feet of a public school or public housing project." (Doc. No. 4-4 at 15.) The court further asked the movant whether he thought the government could prove that he was a convicted felon in possession of ammunition manufactured outside the state of Tennessee. (*Id.* at 15–16.) The movant confirmed that the government could prove these elements, and that he was pleading guilty because he was, in fact, guilty. (*Id.*)

Although the movant's criminal history qualified him as a "career offender" under the U.S. Sentencing Guidelines, with an advisory sentencing range of 188 to 235 months, the court found that he was not a career offender and sentenced him to a total of 118 months in prison, followed by a six-year period of supervised release. (Doc. No. 4-5 at 4, 24–26; Case No. 3:15-cr-00149, Doc. No. 43.)

The movant did not appeal his sentence to the Sixth Circuit Court of Appeals.

**II.     Issues Presented**

In his § 2255 motion, the movant argues that he received the ineffective assistance of counsel: (1) when his attorney did not object to the government's failure to prove, pursuant to 21

U.S.C. § 860, that he intended to distribute drugs within 1,000 feet of a school or public housing facility; and (2) when his attorney failed to advise him of the likelihood that he would be sentenced to the statutory maximum of ten years' imprisonment. The movant further argues that his prior state conviction for the possession of cocaine for resale was not properly considered as a predicate offense for purposes of enhancing his sentence, and that his counsel was ineffective in failing to object to the presentence report on that basis. (Doc. No. 1.)

The government concedes the timeliness of the § 2255 motion. (Doc. No. 4 at 2.)

### III. Legal Standard

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

## IV. Analysis

### 1. Ineffective Assistance of Counsel

The movant first argues that he received the ineffective assistance of counsel. The U.S. Supreme Court has established a two-part test to evaluate whether counsel has been constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). This test requires the movant to prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that, but for counsel's deficient representation, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688–89, 694. The *Strickland* standard sets a high bar that is not easily surmounted. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

The movant argues that his counsel was ineffective in failing to object to the government's representation that his drug offense was committed within 1,000 feet of a school or public housing facility. He claims that "[t]he Government is required to prove that the [movant] intended to distribute the drugs within the 1000 feet," and that "mere possession near a school is [in]sufficient for [a] violation[.]" (Doc. No. 1 at 16, 17.) He claims in his reply that counsel "allowed the government to prove this jurisdictional element by its reliance upon the Presentence Investigation Report," and that, "had counsel adequately explained the mens rea of the charge," he would not have plead guilty because he is "actually innocent" of intending to distribute drugs within 1,000 feet of a school or public housing. (Doc. No. 7 at 2.)

"The Supreme Court has held that when a defendant voluntarily and knowingly enters a guilty plea, that individual admits all averments of fact in the indictment." *United States v. Kyle*, 24 F. App'x 447, 451 (6th Cir. 2001) (citing *Tollett v. Henderson*, 411 U.S. 258, 260–67 (1973)). The movant's claim here can be construed as asserting that, as a result of his counsel's ineffectiveness, he did not knowingly plead guilty to the offense charged. However, he testified to

4

the knowing and voluntary nature of his plea under oath at his plea hearing, where the court read this charge of the indictment aloud to him. (Doc. No. 4-4 at 3–4, 7–8.) A defendant's solemn declaration in open court that his plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding, because such declarations carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

Moreover, the movant plainly acknowledged that he understood he was charged with "knowingly and intentionally distribut[ing] and possess[ing] with intent to distribute" fentanyl within 1,000 feet of a school and public housing. (Doc. No. 4–2 at 1; Doc. No. 4-4 at 3–4.) He thus pled guilty to distribution within the 1,000-foot zone, not merely possession with intent to distribute, consistent with the government's proffer of testimony that the movant exchanged drugs for money in a parking lot situated within 1,000 feet of the school and public housing. (Doc. No. 4-4 at 9–12.) The fact of the movant's distribution of fentanyl within the 1,000-foot zone was a required element of the indicted offense, and was not challenged at sentencing. Therefore, he admitted this fact in pleading guilty, and may not now revoke this admission. *See United States v. Louchart*, 680 F.3d 635, 639 (6th Cir. 2012) (citing, e.g., *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961)).

Even if the movant had pled guilty to mere possession with intent to distribute fentanyl within the 1,000-foot zone, "the penalty enhancement [under § 860(a)] only requires that the defendant possess drugs within 1,000 feet of a school and have the intent to distribute those drugs either near the school or elsewhere[;] the defendant does not have to have the intent to distribute the drugs within 1,000 feet of the school." *United States v. Osborne*, 565 F. Supp. 2d 927, 934 (E.D. Tenn. 2008) (citing *United States v. Rodriguez*, 961 F.2d 1089, 1091–92 (3d Cir. 1992)). Furthermore, the court's colloquy with the movant included references to the intent element of the

charge, which the movant affirmed that he understood (Doc. No. 4-4 at 3–4, 15). *Cf. United States v. McCreary-Redd*, 475 F.3d 718, 725 (6th Cir. 2007) (finding defendant's guilty plea unknowing because district court did not question whether defendant understood element of intent to distribute, nor was intent element "discussed at any point during the entire plea proceeding").

Accordingly, the movant cannot demonstrate that the result of the proceeding against him would have been different absent counsel's alleged ineffective assistance with respect to his plea to the distribution charge. His first ineffective assistance claim is therefore without merit.

The movant next claims counsel's ineffectiveness in failing to advise him that he may be sentenced to the statutory maximum of ten years' imprisonment, alleging that "had counsel informed him that the District Court [was] contemplating sentencing him to the statutory maximum he would have instead [gone] to trial." (Doc. No. 1 at 19.) Because he was sentenced to 118 months in prison, the movant believes that he should be "able to renegotiate or withdraw" his guilty plea. (*Id.*) However, the premise of this claim—that the movant faced a maximum sentence of ten years—is flawed. The movant adopts this premise based on a quotation from the 2004 decision of the Sixth Circuit in *Spiridigliozzi v. United States*, 117 F. App'x 385, 394 (6th Cir. 2004) ("the maximum penalty for the . . . offense, under 21 U.S.C. § 860, is 10 years") (quoting *United States v. McKinley*, 19 F. App'x 274, 281 (6th Cir. 2001)); whereas, the movant recited in his plea petition (Doc. No. 4-3 at 1) and was informed in open court (Doc. No. 4-4 at 5) that the maximum prison term he was facing was not ten, but forty years. Therefore, his counsel could not have been ineffective in failing to advise him that he might be sentenced to the statutory maximum prison term. This is particularly so because the movant explicitly recognized that any advice given by counsel in regard to the potential length of his sentence was merely an estimate, and that he did

not rely on any such advice in deciding to plead guilty. (Doc. No. 4-3 at 2, 7.) This ineffective assistance claim is also without merit.

## 2. Ineffective Assistance/Unlawful Sentence Enhancement

The movant argues that his counsel was ineffective in failing to object to a prior drug conviction being used to enhance his sentence, and/or that the court erred in counting the prior drug conviction as a predicate offense for purposes of sentence enhancement. (Doc. No. 1 at 13, 20–25.) He claims that, because the Tennessee statute criminalizing the possession of cocaine "for resale," Tenn. Code Ann. § 39-17-417, is broader than the definition of a controlled substance offense under the U.S. Sentencing Guidelines, his prior conviction under that statute is not properly considered a predicate offense for purposes of federal sentence enhancement. (*Id.* at 20 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016).)

To the extent that the movant contends that this court erred in applying the career offender guideline range, his claim is not cognizable under § 2255. Collateral review pursuant to § 2255 is not a substitute for direct appeal. *Sunal v. Large*, 332 U.S. 174, 177–79 (1947); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). "A § 2255 motion must raise one of three allegations: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Diaz v. United States*, No. 16-6834, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). Any claim that the court erred in applying the career offender guideline to frame its sentencing determination should have been raised on direct appeal. Its presentation for the first time in this § 2255 motion is improper because: (1) the claimed error is not of constitutional magnitude; and (2) the 118-month sentence imposed on the movant was well beneath both the statutory maximum of 40 years, and the lower

end of the career offender guideline range applicable in the movant's case (188 months). The court ultimately agreed with defense counsel that the career offender designation was not meant for offenders with criminal records like the movant, and thus varied significantly from the enhanced sentencing range which originally framed the determination. It is therefore clear that any error in beginning that determination within the career offender framework did not render the entire proceeding fundamentally flawed, or produce any miscarriage of justice that would allow its collateral review under § 2255. *See Barberree v. United States*, No. 8:09-cr-266-T-33MAP, 2011 WL 1396972, at *5 (M.D. Fla. Apr. 13, 2011) ("The misapplication of the career offender guideline resulting in a sentence that remains within the applicable statutory penalty range does not produce a miscarriage of justice cognizable on collateral review.").

Framed as a violation of the movant's right to constitutionally effective assistance of counsel, this claim must be rejected because counsel's deficient performance cannot be established. The career offender guideline applies if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) the defendant has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). Here, the movant argues that his prior conviction for "possession of cocaine for resale" under Tennessee Code Annotated § 39-17-417 does not fit categorically within the guidelines' definition of a controlled substance offense, "because Tennessee punishes for the resale of a controlled substance, where[as] the Fed[e]ral definition of a controlled substance [offense] does not[.]" (Doc. No. 1 at 20.)

> To determine whether a prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines, a sentencing court applies the "categorical approach" and compares the statutory elements of the offense in question to the elements of a controlled substance offense as defined in section

8

4B1.2(b). *See United States v. Woodruff*, 735 F.3d 445, 449 (6th Cir. 2013). "If, however, the categorical approach fails to be determinative" because a statute is divisible, "a sentencing court may look to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,' in order to determine whether the prior crime qualifies as a controlled substance offense." *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). This latter approach is referred to as the "modified" categorical approach. *See Mathis* [*v. United States*], 136 S. Ct. at 2249. In *Mathis*, the Supreme Court held that a statute is divisible—and thus, the modified categorical approach may be applied—only if a statute lists alternative elements, rather than alternative means, of committing an offense. *See id.* at 2253–54.

*Franklin v. United States*, No. 17-6519, 2018 WL 3064562, at *2 (6th Cir. May 11, 2018).

As pertinent here, Tennessee Code Annotated § 39-17-417 states that it is a felony offense for a defendant to knowingly (1) manufacture, deliver, or sell cocaine, or (2) possess cocaine with the intent to manufacture, deliver, or sell it. Tenn. Code Ann. § 39-17-417(a), (c). The Guidelines define a controlled substance offense as a felony offense under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Despite the movant's argument to the contrary, the categorical approach is properly applied to § 39-17-417, and the sale (or resale) of cocaine under § 39-17-417 is not broader than, but fits within, the § 4B1.2(b) reference to distribution of a controlled substance. As recognized by the movant (Doc. No. 1 at 24), the Sixth Circuit has held as much:

> [W]e have always treated a violation of § 39–17–417 as a categorical controlled substance offense. *See* [*United States v.*] *Ryan*, 407 Fed. Appx. at 31–32; *James v. United States*, 217 Fed. Appx. 431, 439 (6th Cir. 2007); *United States v. Hughley*, 192 Fed. Appx. 447, 455 (6th Cir. 2006); *United States v. Holloway*, 142 F.3d 437, 1998 WL 109987 at *1–2 (6th Cir.1998) (per curiam) (unpublished). Defendant argues that we have it wrong, pointing out that § 39–17–417 proscribes possession with intent to "manufacture, deliver or sell"—terms that do not appear in the Guidelines' definition of "controlled substance offense." Defendant reads too much into these lexical differences. Our inquiry is not whether the elements of the crime

9

> contain the same words as the Guidelines' definition—it is "whether the elements of the offense are of the type that would justify its inclusion within the definition of a controlled-substance offense." [*United States v.*] *Woodruff*, 735 F.3d at 449 (emphasis added, quotation marks omitted). There is no meaningful distinction between possessing narcotics with intent to "manufacture, deliver or sell," and possessing them with intent to "manufacture, import, export, distribute, or dispense." Section 39–17–417 is a categorical controlled substance offense.

*United States v. Douglas*, 563 F. App'x 371, 377–78 (6th Cir. 2014).

The movant argues that the Supreme Court's 2016 decision in *Mathis* (decided June 23, 2016, three months prior to the movant's sentencing) changed this result. (Doc. No. 1 at 23.) However, *Mathis* did not announce any new rule of law. *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017). Moreover, the Sixth Circuit has since affirmed its declaration in *Douglas* that the categorical approach is correctly applied to § 39–17–417, finding "no reason that *Mathis* would change that result, since *Mathis* applies in only the *modified* categorical context." *Franklin*, 2018 WL 3064562, at *2 (emphasis in original); *see also Shropshire v. Quintana*, No. 17-6164, 2018 WL 4908140, at *2 (6th Cir. July 17, 2018) ("We have held, post-*Mathis*, that violations of Tennessee Code Annotated § 39-17-417, which prohibits possession of a controlled substance with the intent to sell, count as predicate offenses under the guidelines.") (citing *United States v. Merriweather*, Nos. 17-5077/5097/5118/119, 2018 WL 1517188, at *12–13 (6th Cir. Mar. 28, 2018), and *United States v. Alexander*, 686 F. App'x 326, 327–28 (6th Cir. 2017)). While the movant directs the court's attention to the Fifth Circuit's post-*Mathis* approach to counting Texas drug convictions as predicate offenses in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the court finds the Sixth Circuit authority cited above to be sufficiently clear as to convictions under § 39-17-417: their status as predicate offenses for purposes of the career offender Guideline did not change in the wake of *Mathis*.

The movant also argues that his prior conviction under § 39-17-417 should not be categorically construed as a predicate offense because Tennessee law allows a criminal jury to infer "from circumstances indicating a casual exchange among individuals of a small amount of a controlled substance" whether the defendant simply possessed drugs, or possessed them with the purpose of selling them. Tenn. Code. Ann. § 39-17-419. However, this statutory inference is inapposite here, given that the movant does not dispute that his prior conviction was not for simple possession, but for an offense under § 39-17-417.

It is further argued that, because the movant's prior offense of conviction is not an enumerated offense under § 4B1.2(a), but an offense encompassed by that section's residual clause, it cannot be considered a predicate offense for career offender purposes in the wake of the Supreme Court's holding, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the identical residual clause of the Armed Career Criminal Act (ACCA) is void for vagueness. (Doc. No. 1 at 22.) However, the residual clause invalidated in *Johnson* applied to the categorization of a prior conviction not as a controlled substance offense, but as a violent felony, defining such to include certain enumerated offenses as well as any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56. Prior to the date that the movant was sentenced, the career offender provision of the Guidelines contained a violent felony provision identical to that of the ACCA, including the residual clause. However, due to the advisory nature of the Guidelines, this prior version of the career offender Guideline survived the vagueness challenge that felled the ACCA provision. *Beckles v. United States*, 137 S. Ct. 886 (2017). In any event, the movant is mistaken in believing that any residual clause applied in his case, as no version of the career offender Guideline contains a residual clause applicable to controlled substance offenses. *See United States v. Goode*, No. CR 10-177-02, 2016 WL 48211,

11

at *2–3 (E.D. Pa. Jan. 5, 2016) (finding *Johnson* inapplicable because residual clause exclusively applies to "crimes of violence" clause, while Goode's sentence was enhanced under "controlled substance offense" clause of § 4B1.1).

Accordingly, the court finds that the movant's prior conviction under § 39-17-417 was properly considered as a predicate offense under the career offender guideline, and his counsel was not ineffective in failing to argue otherwise.

## V. Conclusion

In light of the foregoing, the movant's § 2255 motion will be denied.

When the district court denies a ground for relief on the merits in a habeas corpus action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of the denial of a constitutional right with respect to any ground for relief asserted, a COA will not issue.

An appropriate order will be filed herewith.

ENTER this 30th day of January 2019.

_____
Aleta A. Trauger
United States District Judge